Holly J. Johanknecht (AK Bar No. 0511103)
Meg K. Allison (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Ste. 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: hollyj@dlcak.org
         mallison@dlcak.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF ALASKA

| | |
|---|---|
| Disability Law Center of Alaska, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANCHORAGE SCHOOL DISTRICT, ) | Case No. |
| ) | |
| Defendant. ) | **COMPLAINT** |
| ) | |

## INTRODUCTION

1. Plaintiff Disability Law Center of Alaska ("DLC") brings this action to challenge the Defendant Anchorage School District's ("ASD") refusal to release to Plaintiff documents relating to a complaint of abuse and/or neglect that occurred in an intensive needs special education classroom. Federal law provides that such documents must be released to Plaintiff so it can carry out its mandate to investigate incidents of alleged abuse and neglect.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) and LR 3.3. Defendant ASD is within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

## PARTIES

4. Plaintiff DLC is designated as the protection and advocacy ("P&A") system for the State of Alaska. P&A agencies are a nationwide network of disability rights agencies, which are mandated, under various interrelated federal statutory programs, to provide legal representation and other advocacy services on behalf of individuals with disabilities. Pursuant to 42 U.S.C. § 15041(a)(2), P&A agencies are authorized to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State[.]" P&A agencies are also authorized to "investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. § 15041(a)(2)(B). DLC has been designated by the State of Alaska to receive federal funds for advocacy activities pursuant to the Developmental Disabilities Bill of Rights Act ("DD Act"), 42 U.S.C. §§ 15041 *et seq*, the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI") 42 U.S.C. § 10801 *et seq.*, and the Protection and Advocacy for Individual Rights Act ("PAIR") 29 U.S.C. § 794e. DLC is a nonprofit corporation duly organized in accordance with the laws of the State of Alaska. Its principal place of business is in Anchorage, Alaska. DLC operates permanent offices in Anchorage, Juneau, Bethel and Fairbanks.

5. Defendant ASD is the local educational agency responsible for ensuring the provision of education services, including special education, to students in the Anchorage area. The

*Disability Law Center of Alaska, Inc. v. Anchorage School District*  Page 2 of 6
Complaint
Case 3:07-cv-00131-RRB   Document 1   Filed 07/16/07   Page 2 of 6

classroom in which the events at issue occurred is at Lake Otis Elementary, a school within the Anchorage School District.

## FACTS

6. On May 25, 2007 Disability Law Center staff received two separate complaints about an intensive needs classroom at Lake Otis Elementary School. These complaints alleged that abuse and/or neglect occurred in the classroom and identified one teacher and one aide involved.

7. The intensive needs classroom serves elementary aged children with disabilities. A student is defined as an "intensive student" if "the student has been identified for special education and the student needs and receives individual attention and services that are significantly more complex and frequent, and require significantly more resources to provide, than the services received by other special education students."[1]

8. On June 25, 2007 DLC received two additional corroborating complaints.

9. As a result of these complaints, DLC initiated an investigation.

10. On or about June 26, 2007 DLC was contacted by the parent/guardian of a student in the classroom. That parent made a complaint that corroborated the complaints previously received by DLC, and provided additional information about specific incidents as well as general complaints about the classroom, teacher and staff.

11. On June 29, 2007 DLC made its first request for records. The requested records included:

    a.    Directory information (names and contact information for the parents/guardians of the students in the class),

    b.    Names of staff working in the classroom, including related service providers,

    c.    Information regarding any and all complaints regarding the classroom and teachers/staff people under investigation,

---

[1] 4 A.A.C. § 52.700(c).

d. Any internal investigation conducted by ASD connected with the complaints received.

12. In a letter dated July 2, 2007 ASD refused to provide DLC with the requested records. ASD required that DLC provide them with additional information regarding the complaints it received before any records would be released.

13. In a letter dated July 3, 2007 DLC responded by informing ASD of the types of complaints it has received. DLC also informed ASD that based on the complaints, and the information it had gathered through its investigation, that a determination of probable cause had been made.

14. On July 6, 2007 DLC received a sixth complaint about the classroom, teacher and staff under investigation. This complaint corroborated the previously received complaints alleging abuse/neglect.

15. In a letter dated July 11, 2006 ASD responded by providing DLC with portions of the requested records. However, ASD refused to provide DLC with the requested directory information.

16. In a letter dated July 12, 2007 DLC again informed ASD that a determination of probable cause had been made and a number of complaints had been received, thus, triggering DLC's access authority. In that letter, DLC also informed ASD that if the requested directory information was not provided, DLC would file a complaint in federal court.

17. In a letter dated July 13, 2007 ASD again refused to provide DLC with the requested directory information.

18. As of July 16, 2007 the requested directory information has not been provided to DLC.

19. Without the requested directory information, DLC is significantly impeded in moving forward with its investigation. Without ASD providing the names and contact information for the student's parents/guardians, DLC has no way of contacting those parents and informing them of the very serious allegations DLC has received.

## CLAIM FOR RELIEF I

20. Paragraphs 1-25 are incorporated herein by reference.

21. Pursuant to the DD Act, 42 U.S.C. §15041 *et seq*. and its implementing regulations, 45 C.F.R. § 1386.22 *et seq*., DLC is authorized to review and obtain copies of the records of individuals with developmental disabilities, and other records that are relevant to conducting an investigation.

22. DLC has made repeated requests for records and information maintained or controlled by defendant, but defendant has failed to provide the records.

23. Defendant's actions and inactions in refusing to provide DLC with all requested records relating to incident at issue violates DLC's statutory rights under the DD Act, 42 U.S.C. § 15041 *et seq*.

## REQUEST FOR RELIEF

24. WHEREFORE, Plaintiff requests:

    a. That the Court order defendant to provide DLC with all requested records;

    b. That the Court enter a preliminary injunction against the Defendant to prevent Defendant from engaging in the conduct complained of herein; and,

    c. That the Court issue such other relief as may be just equitable and appropriate, including an award of Plaintiff's reasonable attorney's fees and costs.

Dated this 16th day of June, 2007.

*Disability Law Center of Alaska, Inc. v. Anchorage School District*     Page 5 of 6
Complaint
Case 3:07-cv-00131-RRB   Document 1   Filed 07/16/07   Page 5 of 6

Respectfully submitted,

/s/ Holly J. Johanknecht
Holly J. Johanknecht (AK Bar No. 0511103)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Ste. 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: hollyj@dlcak.org


/s/ Meg K. Allison
Meg K. Allison, (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Ste. 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org